Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho 83205-6009
Telephone: (208) 232-4471
Email: tom@pocatello-law.com

Attorneys for R. Sam Hopkins, Interested Party

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 21-40009-JMM |
| | ) | |
| FRED FLORES, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE, AND AFFIDAVIT OF MAILING**

MOTION

COMES NOW R. Sam Hopkins ("Hopkins"), the Trustee in the Laura Perez-Flores ("Peres-Flores") chapter 7 bankruptcy proceeding, Case No. 19-40124-JMM ("Perez-Flores Bankruptcy"), by and through his attorneys, pursuant to 11 U.S.C. § 362(d), and respectfully moves the Court for an order to modify the automatic stay to allow him to sell real property in the Perez-Flores bankruptcy proceeding.

This motion is based on the following grounds:

1. The Debtor, Fred Flores, and Perez-Flores are married. (Document No. 1, p. 35, ¶ 1.)

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE, AND AFFIDAVIT OF MAILING - 1

2. On or about May 8, 2018, Blake Frasure executed a warranty deed to convey real property located at 5130 Hawthorne Road in Chubbuck, Idaho ("the Real Property") to the Debtor and Perez-Flores as "husband and wife." A copy of the warranty deed is attached as Exhibit A.

3. Pursuant to Idaho Code § 32-906, the Real Property is the Debtor and Perez-Flores's community property because it was purchased during their marriage. The warranty deed also indicates the Real Property is the Debtor and Perez-Flores's community property.

4. Perez-Flores filed her bankruptcy petition on November 10, 2020. (Perez-Flores Bankruptcy Document No. 1.) At that time the Debtor and Perez-Flores were married but separated.

5. When Perez-Flores filed her bankruptcy petition, she did not reside at the Real Property, nor did she intend to reside there in the future. For example, (1) Perez-Flores moved out of the Real Property approximately three months before she filed her bankruptcy petition (*Id.* at p. 36, ¶ 2), (2) she did not claim a homestead exemption in the Real Property (*Id.* at pp. 16-17), her Statement of Intention for Individuals Filing Under Chapter 7 indicates she intends to surrender the Real Property (*Id.* at p. 42, Part 1), and (4) she testified during her meeting of creditors that her intent is for the Debtor to sell the Real Property and pay off the loan.

6. Perez-Flores is not entitled to claim a homestead exemption in the Real Property because she did not reside there nor intend to reside there when she filed her bankruptcy petition. *See* Idaho Code § 55-1001(2).

7. The Debtor filed his bankruptcy petition on January 7, 2021. (Document No. 1.) The Debtor listed the Real Property in his Schedule A/B, and he claims a homestead exemption in the Real Property. (*Id.* at p. 10, ¶ 1.1 and p. 17, ¶ 2.)

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE, AND AFFIDAVIT OF MAILING - 2

8. Pursuant to 11 U.S.C. § 541(a)(2)(A), both the Debtor and Perez-Flores's community interests in the Real Property became property of the Perez-Flores Bankruptcy estate because Perez-Flores filed her bankruptcy petition first. *Hopkins v. Idaho Central Credit Union (In re Herter)*, 456 B.R. 455, 465 (Bankr. D. Idaho 2011); *In re Bauer*, 05.3 I.B.C.R. 60 (Bankr. D. Idaho 2005); *In re Pixler*, 02.2 I.B.C.R. 87 (Bankr. D. Idaho 2002).

9. The Debtor is not entitled to claim a homestead exemption in the Real Property because the Debtor's bankruptcy estate does not include any interest in the Real Property. *Hopkins v. Idaho Central Credit Union (In re Herter)*, No. 4:12-cv-180-BLW (D. Idaho Feb. 13, 2013); *Bauer*, 05.3 I.B.C.R. 60 (Bankr. D. Idaho 2005); *Pixler*, 02.2 I.B.C.R. 87 (Bankr. D. Idaho 2002).

10. Bannock County assessed the value of the Real Property at $232,115. A copy of the parcel description from the Bannock County parcel viewer is attached as Exhibit B.

11. Idaho Housing and Finance has a lien on the Real Property of approximately $168,000. (Document No. 1, p. 21, ¶ 2.2; Perez-Flores Bankruptcy Document No. 1, p. 19, ¶ 2.2.)

12. Hopkins intends to sell the Real Property in the Perez-Flores bankruptcy estate because it has non-exempt equity that can be used to pay Perez-Flores's unsecured creditors.

13. Hopkins does not believe that selling the Real Property implicates the automatic stay in the Debtor's bankruptcy proceeding because the Debtor does not have any interest in the Real Property. Nonetheless, Hopkins seeks stay relief to sell the Real Property out of an abundance of caution to the extent that the Debtor has any possessory interest in the Real Property because he currently resides there.

14. Pursuant to 11 U.S.C. § 362(d)(1) and (2), the Court shall grant relief from the automatic stay for cause if the Debtor does not have any equity in the property, or if the Real Property is not necessary for an effective reorganization. Both of these conditions are met because the Debtor's bankruptcy estate has no interest in the Real Property, and the Debtor's bankruptcy proceeding is a liquidation proceeding under chapter 7.

WHEREFORE, Hopkins respectfully requests that the Court modify the automatic stay under 11 U.S.C. § 362(d) to allow him to enforce his rights under state and federal law to sell the Real Property in the Perez-Flores Bankruptcy proceeding. Hopkins also requests that the Court waive the fourteen-day stay otherwise in effect upon entry of an order pursuant to Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure.

DATED January 22, 2021.

                                      SPINNER, WOOD & SMITH

                                      By /s/ _____
                                              Thomas D. Smith

NOTICE

TO: DEBTOR, FRED FLORES; HIS ATTORNEY, ANDRE L. LAWSON; PATRICK J. GEILE, CHAPTER 7 TRUSTEE; AND THE U.S. TRUSTEE:

YOU ARE HEREBY NOTIFIED that, pursuant to Rule 4001.2(c), Local Rules of Bankruptcy Procedure, any party in interest opposing the motion for relief from the stay must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. The objection shall also contain the notice of hearing required by subsection (e)(1) and the proof of service required by subsection (h). Absent the filing of a timely objection, movant may submit a proposed order, and the Court may grant the relief sought without a hearing. If an objection is filed to a motion for stay relief, the objection shall be served upon the movant and upon all parties receiving service of the motion.

A party opposing the motion for relief from the stay shall contact the Court's calendar clerk to schedule a preliminary hearing. The objection to the motion shall include the notice of such hearing. At the preliminary hearing, the parties shall be prepared to make specific representations to the court as to the proof and evidence to be submitted at any final hearing. In particular, the parties shall advise the court with specificity as to the issues to be presented at a final hearing, the identity of any witnesses expected to testify, and a summary of the expected testimony. Unless otherwise ordered by the Court, the parties, not later than seven (7) days prior to any scheduled final hearing, shall;

    (A)    File a list of witnesses
    (B)    File a list of exhibits; and
    (C)    Exchange copies of any exhibits.

Once scheduled, a preliminary hearing or final hearing may be vacated or continued only upon compliance with Rule 2002.2(f), Local Rules of Bankruptcy Procedure.

Pursuant to 11 U.S.C. § 362(e)(2), the stay shall terminate on the date that is sixty days after the motion for relief from the stay was filed, unless:

    (A)    A final decision is rendered by the court during the sixty-day period beginning on the date of the motion for relief from the stay; or
    (B)    Such sixty-day period is extended—
        (i) by agreement of all parties in interest; or
        (ii) by the court for such specific period of time as the Court finds is required for good cause, as described in findings made by the Court.

DATED January 22, 2021.

                                  SPINNER, WOOD & SMITH

                                  By /s/ _____
                                  Thomas D. Smith

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE, AND AFFIDAVIT OF MAILING - 5

# AFFIDAVIT OF MAILING

STATE OF IDAHO   )
                 ss
County of Bannock )

I, Thomas D. Smith, being first duly sworn upon my oath, depose and say:

I am more than eighteen years old and one of the attorneys for R. Sam Hopkins in the above entitled action. On the date indicated below I served a copy of the foregoing Motion For Relief From Automatic Stay, Notice, and Affidavit of Mailing on the parties hereinafter named as follows:

U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

[ ] U.S. Mail, postage prepaid
[ ] Hand Delivery
[x] ECF Notice

Patrick J. Geile
pgeile@foleyfreeman.com

[ ] U.S. Mail, postage prepaid
[ ] Hand Delivery
[x] ECF Notice

Andre L. Lawson
lawsonattorney2016@gmail.com
bppoffices@aol.com

[ ] U.S. Mail, postage prepaid
[ ] Hand Delivery
[x] ECF Notice

Fred Flores
5130 Hawthorne Road
Chubbuck, Idaho 83202

[x] U.S. Mail, postage prepaid
[ ] Hand Delivery
[ ] ECF Notice

DATED January 22, 2021.

/s/
Thomas D. Smith

SUBSCRIBED AND SWORN TO before me January 22, 2021.

(SEAL)

/s/
NOTARY PUBLIC for Idaho
Residing at: Pocatello, Idaho
Commission Expires: 12/20/2022

AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY, NOTICE, AND AFFIDAVIT OF MAILING - 6